**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

CRISTIAN MICHEL GARCIA GIL  CIVIL ACTION NO. 1:26-CV-00207 SEC P

VERSUS  JUDGE EDWARDS

BRIAN ACUNA ET AL  MAGISTRATE JUDGE PEREZ-MONTES

**MEMORANDUM ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Cristian Michel Garcia-Gil ("Garcia-Gil"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. The federal Respondents ("the Government") have answered the Petition (ECF No. 6), and Garcia-Gil submitted a reply (ECF No. 7). The Government also provided a supplement to the Response pursuant to the Court's Order (ECF No. 9).

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is GRANTED.

I. **BACKGROUND**

Garcia-Gil is a native and citizen of Cuba who entered the United States unlawfully on July 23, 2021. ECF No. 1 at 4. He was detained for five days for processing and then released on an Order of Recognizance. *Id.*; *see also* ECF No. 9-1 at 1. Garcia-Gil remained under supervision for more than four years. ECF No. 7 at 6. He was detained following a traffic stop on December 12, 2025. *Id.* at 2. Garcia-Gil asserts that he complied with all conditions imposed upon him, and developed significant ties within the community. *Id.* at 6.

The Government also provides that Garcia-Gil entered the United States on July 23, 2021, and was detained in December 2025. ECF No. 6 at 1. But it does not deny, or even acknowledge,

1

any of Garcia-Gil's factual allegations regarding his release under § 236 of the Immigration and Nationality Act.

Garcia-Gil appealed the immigration judge's ruling, so he is not subject to a final order of removal.  ECF No. 9 at 1.

Garcia-Gil alleges that his detention is unlawful.  The Government maintains that Garcia-Gil is lawfully detained under 8 U.S.C. § 1225(b)(2).

## II.    <u>LEGAL STANDARD</u>

A federal district court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his [or her] burden of proof by a preponderance of the evidence."  *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (internal citations omitted).  A court considering a habeas petition must "determine the facts and dispose of the matter as law and justice require."  *Id.* (citing 28 U.S.C. § 2243).

## III.    <u>ANALYSIS</u>

Garcia-Gil's case hinges on whether his re-detention without a hearing or other discretionary review violates the due process guarantees of the Constitution.  This issue is separate and apart from whether he is statutorily detainable under 8 U.S.C. § 1225(b).  *See Hernandez-Fernandez v. Lyons*, 5:25-CV-00773, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *see also Alvarado v. Vergara*, 1:26-CV-00309, 2026 WL 594366, at *3 (W.D. Tex. Mar. 2, 2026).  The Court finds that, once released from immigration custody under § 236, Garcia-Gil acquired a protectable liberty interest in remaining out of custody on bond, such that he was entitled to a pre-deprivation

hearing before revocation. *See Hernandez-Fernandez*, 2025 WL 2976923, at \*9. Accordingly, Garcia-Gil's re-detention without same violated his procedural due process rights.

First, the Court has jurisdiction to consider the Petition. *See Diallo v. Trump*, 1:25-CV2012, 2026 WL 382606, at \*1 (W.D. La. Feb. 4, 2026) (citing *Barros v. Noem*, 25-CV-488, 2025 WL 3154059, at \*2–3 (W.D. Tex. Nov. 10, 2025)).

Next, just as this Court determined in *Diallo*, 1:25-CV2012, ECF No. 73, the jurisprudence "does not foreclose [Garcia-Gil's] due process claims, which seek to vindicate a right to an individualized bond hearing." *Hernandez-Fernandez*, 2025 WL 2976923, at \*7 (citations omitted).

So, the Court turns to the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine whether Garcia-Gil's civil detention violates his due process rights. Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

### 1. Private Interest

"'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" *Martinez v. Noem,* 5:25-CV-1007, 2025 WL 2598379, at \*2 (W.D. Tex. Sept. 8, 2025) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). The Fifth Circuit's holding that § 1225(b) provides for mandatory detention, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), does not negate "the liberty interests created by the fact that the Petitioner[ ] in this case [was] released on recognizance prior to the manifestation of this interpretation." *Lopez-Arevelo*,

801 F. Supp. 3d at 677–78 (citing *Espinoza v. Kaiser*, 1:25-CV-01101, 2025 WL 2581185, at *10 (E.D. Cal. Sept. 5, 2025)).

The Government released Garcia-Gil on his own recognizance pursuant to INA § 236. ECF No. 9-1 at 1. That is, he was classified by the Government as an alien subject to discretionary detention, which is provided under 8 U.S.C. § 1226(a). *See id.* And release under § 1226(a) entitles an alien to "a bond re-determination hearing before revocation," which Garcia-Gil was not provided. *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479, 2025 WL 2783642, at *4 (D. Me. Sept. 30, 2025) (citing *Bermeo Sicha v. Bernal*, No. 1:25-CV-00418, 2025 WL 2494530, at *4–6 (D. Me. Aug. 29, 2025)); *see also Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981).

Garcia-Gil acquired "a protected liberty interest in [his] continued liberty," having spent over four years released on his own recognizance in the United States, such that the Government cannot revoke him[1] on a whim without notice and an opportunity to be heard. *See Hernandez-Fernandez,* 2025 WL 2976923, at *8–9 (citing *Espinoza,* 2025 WL 2581185, at *9; *Diaz v. Kaiser*, No. 25-CV-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025); *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025); and *Rosado v. Figueroa*, No. 25-CV-02157, 2025 WL 2337099, at *12 (D. Ariz. Aug. 11, 2025)). This factor favors Garcia-Gil.

### 2. Risk of Erroneous Deprivation

Under the second *Mathews* factor, the Court considers "'whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." *Martinez*, 2025 WL 2598379, at *3 (W.D.

---

[1] The Court notes that the Form I-220 Order of Release on Recognizance, which was not initially provided by the Government, contains a portion for cancellation of the Order: (1) for failing to comply with conditions; or (2) for removal. ECF No. 9-1 at 1. Neither option is selected, and the form is unsigned. *Id.*

Tex. Sept. 8, 2025) (quoting *Gunaydin v. Trump*, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)).  By categorizing Garcia-Gil as an alien "subject to mandatory detention under § 1225," he is necessarily deprived of "an opportunity to contest the existence, nature, or significance of [any] supervision violations." *Espinoza*, 2025 WL 2581185, at *11.  This presents an avoidable risk of erroneous deprivation.  *See Vieira*, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty ...").  "[A] bond hearing or pre-detention notice … would reduce the likelihood of an erroneous loss of liberty." *Alvarado*, 2026 WL 594366, at *4.  And such alternatives are readily available. *See Hernandez-Fernandez*, 2025 WL 2976923, at *9 (citing *Velesaca v. Decker*, 458 F.Supp.3d 224, 242 (S.D.N.Y. 2020)).  Thus, this factor also weighs in Garcia-Gil's favor.

### 3. Government's Interest

"The Government has a legitimate interest in preventing a detainee's flight and in protecting the community." *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *8 (S.D. Tex. Nov. 14, 2025).  And "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).  "However, the government has little legitimate interest in suddenly detaining without a hearing noncitizens whom DHS already determined to be neither a flight risk nor a danger to the community." *Bermeo Sicha*, 2025 WL 2494530, at *6 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021)); *see also Saravia v. Sessions*, 280 F.Supp.3d 1168, 1176 (N.D. Cal. 2017), *aff'd* 905 F.3d 1137 (9th Cir. 2018) (explaining that initial release "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.").  Given Garcia-Gil's participation in the immigration process until his re-detention, including his undisputed adherence to the terms of release—which included reporting, refraining from involvement in criminal activity, and providing

5

ICE with documents requested (ECF No. 9-1)—and a lack of evidence that he presents a flight risk or danger to the community, this factor weighs in Garcia-Gil's favor. *See Hernandez-Fernandez*, 2025 WL 2976923, at *9–10.

Because the *Mathews* factors heavily favor Garcia-Gil, the Court finds that his re-detention deprives him of a constitutional right to procedural due process under the Fifth Amendment. The appropriate remedy for this "arbitrary deprivation of liberty," is immediate release "subject to the conditions originally imposed." *See Hernandez v. Bernacke*, 2:26-CV-00355, 2026 WL 497340, at *2 (D. Nev. Feb. 23, 2026).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Respondents are ORDERED to release Garcia-Gil from custody by 5:00 p.m. on May 1, 2026, under the same conditions previously imposed. IT IS FURTHER ORDERED that the parties file a joint notice of compliance with this Order by Monday, May 1, 2026.

THUS DONE in Chambers on this 29th day of April, 2026.

Jerry Edwards, Jr.
United States District Judge

6